Edward P. Moriarity, Esq.
Shandor S. Badaruddin, Esq.
Angie Cavallini, Esq.
MORIARITY, BADARUDDIN & BOOKE, LLC
124 West Pine Street
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:  406-728-7722
Email:      Shandor@mbblawfirm.com;
            Ed@mbblawfirm.com;
            Angie@mbblawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JAMES NICHOLAS RIDGEWAY,<br><br>Plaintiff,<br><br>v.<br><br>MON-DAK TRUCKING, INC., a Montana Corporation; MON-DAK OILFIELD SERVICES, INC., a Montana Corporation; CALVIN DEXTER THURLOW, as an employee of Mon-Dak Trucking, Inc. and/or Mon-Dak Oilfield Services and as an individual, and DOES 1 to 10<br><br>Defendants. | CAUSE NO:<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, James Nicholas Ridgeway, by and through his undersigned attorneys, and for his cause of action against the Defendants, states and alleges as follows:

## PARTIES

1.      Plaintiff, James Nicholas Ridgeway, (hereinafter "Ridgeway"), is an individual who resides in Casper, Natrona County, Wyoming.

2.      On June 26, 2008, Plaintiff Ridgeway was employed by RT Express LLC/Larry Ridgeway (hereinafter referred to as "RT Express"), and was driving a company owned and operated vehicle identified as a Dodge with vin number 3D7LX38C76G237832. This vehicle was driving on Highway 200 West where it intersected with County Road 344, in Richland County, State of Montana.

3.      Defendant Mon-Dak Trucking Services, Inc. (hereinafter referred to as "Mon-Dak Trucking"), was a Montana corporation, and was doing business in the State of Montana on June 26, 2008. The last registered agent listed for Mon-Dak Trucking is Scott R. Sheehan with address 725 W. Holly, Sidney, Montana, 59270. Mon-Dak Trucking is currently inactive with the Montana Secretary of State with the inactive date of 12/01/2010.

4.      Defendant Mon-Dak Oilfield Services, Inc. (hereinafter referred to as "Mon-Dak Oil;" collectively, Mon-Dak Trucking and Mon-Dak Oil

hereinafter referred to as "Mon-Dak") was a Montana corporation, and was doing business in the State of Montana on June 26, 2008. The last registered agent listed for Mon-Dak is Scott R. Sheehan with the address 725 W. Holly, Sidney, Montana 59270.  Mon-Dak is currently inactive with the Montana Secretary of State with the inactive date of 12/01/2008.

5.    Defendant, Mon-Dak is a company that was involved in a two-vehicle crash on June 26, 2008, at or about the intersection of Highway 200 West and County Road 344, Richland County, Montana.

6.    Defendant Mon-Dak had one vehicle involved in this crash, driven by Defendant Calvin Dexter Thurlow, said tractor identified as VIN# 1XPADB8X4RN357136, tractor license number MT 27-8971. Defendant Calvin Dexter Thurlow was an employee of Defendant Mon-Dak and was acting within the scope of his employment.

7.    Defendant Mon-Dak is vicariously liable for all of the acts and omissions of Defendant Calvin Dexter Thurlow.

8.    Defendants Doe 1-10 are individuals and entities whose true identities are presently unknown, but whose acts and omissions have caused or contributed to Plaintiff's injuries and damages as more specifically described in this Complaint.  Plaintiff intends to name these defendants by a fictitious name, pursuant to Mont. Code Ann. § 25-5-103, because Plaintiff

3

is ignorant of the actual name of the party.  If and when a true name is discovered, this Complaint will be amended to identify these Defendants by their true names.  No John Doe or fictitiously named defendant is a citizen of the State of Wyoming or has citizenship such that diversity would not exist.

9.     The Plaintiff has received workers compensation funds from the State of Wyoming concerning this accident.  A copy of this Complaint is being served via certified mail, return receipt requested, contemporaneously herewith upon Gregory A. Phillips, Wyoming Attorney General, 123 Capitol Building, Cheyenne, Wyoming 82002; Joan Evans, Director of Employment, 1510 East Pershing, 2nd Floor, Cheyenne, Wyoming 82002; and Steve Czoschke, Administrator, Workers' Safety & Compensation Division, 1510 East Pershing, Cheyenne, Wyoming 82002.

## JURISDICTION AND VENUE

10.     There is diversity of citizenship between the Plaintiff and each of the Defendants.

11.     Each Defendant has minimum contacts with the State of Montana.

12.     The amount in controversy exceeds $75,000.00

13.     This Court has jurisdiction pursuant to 28 USC § 1332.

14.     The acts and omissions giving rise to this lawsuit took place within the United States District for the District of Montana, and within Richland County, State of Montana. Richland County is one of the counties that makes up the Billings Division of the District of Montana as defined in L.R. 1.11(a). Venue is appropriate in the Billings Division of the District of Montana.

15.     Plaintiff's injuries occurred in Richland County, State of Montana, and one or more of the negligent acts and omissions of the Defendants occurred in Richland County, State of Montana.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.     On June 26, 2008, at or about the intersection of Highway 200 West and County Road 344 in Richland County, Montana, there was a collision caused by the Defendants' vehicle and causing injuries to Plaintiff Ridgeway.

17.     The Plaintiff, James Nicholas Ridgeway, was the driver in one of the vehicles and was seriously injured as a result of the acts and omissions of the Defendants.

18.     The Highway 200 West, at the intersection of County Road 344, has two lanes—one for each direction of travel.

19.     The Defendant was planning to make a right hand turn from Highway 200 West to County Road 344. He improperly swung into the lane of oncoming lane of traffic, without any warning or signal since he had defective turn indicators, and made a sweeping, wide right hand turn and crashed into Plaintiff's vehicle.   Defendant Thurlow sideswiped the Plaintiff's vehicle causing serious injury to the Plaintiff.

20.     Defendant Thurlow failed to keep a proper lookout for other vehicles.

21.     Defendant Thurlow did not properly utilize his rear mirrors, unless they too were defective.

22.     Defendant Thurlow did not give any warning because his warning devices were defective.

23.     Defendant Thurlow reported to the investigating officer that his warning devices were not working prior to driving his truck, yet he drove the truck regardless.

24.     Defendant Thurlow made an improper right hand turn.

25.     Defendant Thurlow crossed the centerline the into oncoming traffic lane.

26.     Defendant Thurlow crossed back over the centerline, with no warning, where Plaintiff Ridgeway was driving in a reasonable and prudent manner.

27.     Defendant Thurlow then crashed into Plaintiff's vehicle.

28.     Defendant Thurlow was driving in a reckless manner causing a substantial risk to others, including, but not limited to, the Plaintiff Ridgeway.

29.     Defendant Thurlow, in violation of the rules of the road as set forth in the Laws of Richland County, the Statutes of the State of Montana, and in the laws of the United States, was operating his rig in an unsafe manner, and placing others at risk of death or injury.

30.     Defendant Mon-Dak failed to hire, train and supervise their employees, and specifically Defendant Thurlow.

31.     Defendant Mon-Dak's negligent hiring, training and supervision, included, but is not limited to, the failure to properly inspect the vehicles, proper operation of vehicles, proper maintenance of vehicles, proper training in regards to inspections, operation, maintenance of vehicles, and proper hiring and supervision protocols.

32.     Defendants had possession and control of their truck involved in this collision and were responsible for maintaining and repairing the

vehicle, and each and every one of its component parts in a safe and roadworthy condition.

33.    Defendant Thurlow had no operating warning device and used no mechanical device to warn or indicate that he would turn or maneuver the semi-truck into an illegal turn.

34.    Defendant Thurlow used no hand signals to warn or indicate that he would turn or maneuver the semi-truck into an illegal turn.

35.    The semi-truck and or its trailer were not equipped with functioning electrical flashing turn signals.

36.    A reasonably thorough and complete inspection of the vehicle would have discovered that the vehicle lacked functioning electrical flashing turn signals or that it was not equipped with electrical flashing turn signals.

37.    Defendant Thurlow knew or should have known that his warning device was not functioning.

38.    Defendants did not conduct inspections of the vehicle, and/or did not conduct a reasonably thorough or complete inspection of the vehicle.

39.    On June 26, 2008, Defendant Mon-Dak authorized Defendant Thurlow to drive the Defendant's truck at the time and in the manner he drove it, and in the condition the truck was in at said time and place.

**40.**     Defendants ratified all acts committed by Defendant Thurlow on June 26, 2008, at the time of the crash, including the time preceding the crash, at the time of the crash, and the time following the crash.

**41.**     The Defendants are responsible for the acts and omissions of their agents, representatives and employees and for their own acts and omissions.

**42.**     As a direct and proximate result of the Defendants acts and omissions leading to and causing the crash, and as a direct and proximate result of Defendants failure to act reasonably in the hiring, training, supervision, management and monitoring of Defendants' employees for whom the Defendants are vicariously liable, Plaintiff suffered substantial personal injuries, for which Plaintiff has incurred medical expenses and suffered other special and general damages, as more particularly set forth below in the section of this Complaint entitled "Damages".

**FIRST CAUSE OF ACTION**
**NEGLIGENCE: PERSONAL INJURY**

**43.**     Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs above, as fully set forth herein.

**44.**     At all times relevant hereto the Defendants owed a duty to Plaintiff to operate his vehicle in a safe and reasonable manner so as to avoid collisions and avoid injury to the Plaintiff.

45.     At all times relevant hereto, the Defendants owed a duty to Plaintiff to maintain his vehicle in a safe and reasonable manner so as to avoid collisions and avoid injury to the Plaintiff.

46.     Defendants did not exercise due care.

47.     By his negligent acts and omissions as described herein, Defendants breached their duties owed to Plaintiff.

48.     As the direct and proximate result of the Defendants' acts and omissions and their breaches of duty, Defendants caused personal injuries and special and general damages to Plaintiff, in an amount that exceeds the jurisdictional minimum of this Court to be specifically proved at trial.

49.     In addition to being liable for their own negligent acts and omissions, Defendants are vicariously liable for the negligent acts and omissions of their employees, representative, and agents, by virtue of the doctrine of *respondeat superior*.

## SECOND CAUSE OF ACTION
## NEGLIGENCE PER SE

50.     Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs above, as fully set forth herein.

51.     The rules of the road including but not limited to the laws of Richland County, the State of Montana, and of the United States of America, require, in addition to other requirements, the following:

a.  49 C.F.R. 393.9 and 393.11 requires a truck to be equipped with, among other things, functioning turn signals;

b.  Mont. Code. Ann. § 61-8-337(2) Any motor vehicle in use on a highway shall be equipped with the required signal lamps when the distance from the center of the top of the steering post to the left outside limit of the body, cab, or load of such motor vehicle exceeds 24 inches or when the distance from the center of the top of the steering post to the rear limit of the body or load thereof exceeds 14 feet. The latter measurement shall apply to any single vehicle, also to any combination of vehicles

c.  Mont. Code. Ann. § 61-8-336. Turning movements and required signals. (1) A person may not turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required by 61-8-333 or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless the movement can be made with reasonable safety and until an appropriate signal has been given. A person may not turn a vehicle without giving an appropriate signal in the manner provided in this section.      (2) A signal of intention to turn right or left, other than when passing, must be given continuously during not less than the last 100 feet traveled by the vehicle before turning in any business district, residence district, or urban district.      (3) A signal of intention to turn right or left, other than when passing, must be given continuously during not less than the last 300 feet

traveled by the vehicle before turning in areas other than those set forth in subsection (2).     (4) A person may not stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal to the operator of a vehicle immediately to the rear when there is opportunity to give the signal.

d.  Mont. Code. Ann. § 61-8-333.  Required position and method of turning at intersections. (1) The operator of a vehicle intending to turn at an intersection shall do so as follows:  (a) Both the approach for a right turn and a right turn must be made as close as practicable to the right-hand curb or edge of the roadway.   (b) At an intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn must be made in that portion of the right half of the roadway nearest the center line of the roadway and by passing to the right of the center line where it enters the intersection. After entering the intersection, the left turn must be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn must be made in that portion of the intersection to the left of the center of the intersection.

e.  Mont. Code. Ann. § 61-9-218.  Signal lamps and signal devices -- when required. (1) A motor vehicle or combination of vehicles may be equipped and when required under this chapter must be equipped with signal lamps showing to the front and rear for the purpose of indicating an

intention to turn either to the right or left. The lamps showing to the front must be located on the same level and as widely spaced laterally as practicable. Except as provided in subsection (3), when in use, the lamps must display a white or amber light, or a shade of color between white and amber, visible from a distance of not less than 300 feet to the front in normal sunlight. The lamps showing to the rear must be located at the same level and as widely spaced laterally as practicable. Except as provided in subsection (3), when in use, the lamps must display a red or amber light, or a shade of color between red and amber, visible from a distance of not less than 300 feet to the rear in normal sunlight. When actuated the lamps must indicate the intended direction of turning by flashing the lights showing to the front and rear on the side toward which the turn is made.      (2) Except as provided in subsection (3), a motor vehicle, trailer, semitrailer, or pole trailer must be equipped with signal lamps meeting the requirements of this section.      (3) On a motor vehicle manufactured or assembled before January 1, 1964, the signal lamps required by this section must be visible from a distance of not less than 100 feet. Signal lamps are not required on any vehicle manufactured or assembled before January 1, 1953.      (4) A stop lamp or signal lamp or device may not project a glaring light.

f.  Mont. Code. Ann. § 61-8-302. Careless driving. (1) A person operating or driving a vehicle on a public highway shall drive it in a careful and prudent manner that does not

unduly or unreasonably endanger the life, limb, property, or
other rights of a person entitled to the use of the highway.

52.     Said laws require drivers to keep a proper lookout, keep their
vehicles under control, and signal before turning as necessary to avoid
colliding with a vehicle on the highway in compliance with the legal
requirements and the duty of all persons to exercise reasonable care for the
protection of others.

53.     At the time of the crash involved in this case the Defendants
failed to abide by the existing laws, set forth above, as well as others, and as
a result of violating said existing laws it demonstrates *per se* negligence.
Plaintiff suffered injury as a proximate cause of one or more violations of
law and as a proximate result of Defendants' negligence *per se*.

54.     At the time of the crash involved in this case, Plaintiff
Ridgeway was among the class of persons for whom the laws and
regulations described above were designed to protect.

55.     This failure to abide by the laws and regulations described
above constituted a breach of the Defendants' duty of reasonable care for the
protection of the Plaintiff.

56.     At the time of the crash involved in this case, the Defendants
violated the existing laws, ordinances and regulations, and as a result of the
violations, are *negligent per se*.

**57.**    As a proximate result of the *negligence per se* of Defendants, the Plaintiff was injured.

**58.**    As the direct and proximate result of the Defendants' acts and omissions which resulted in their breaches of duty, they caused personal injuries and special and general damages to Plaintiff, in an amount that exceeds the minimum jurisdictional amount of this Court to be specifically proved at trial.

**59.**    In addition to being liable for their own negligent acts and omissions, Defendants are vicariously liable for the negligent acts and omissions of their employees, representative, and agents, by virtue of the doctrine of *respondeat superior*.

**THIRD CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, SUPERVISION,**
**MANAGEMENT AND ENTRUSTMENT**

**60.**    Plaintiff hereby incorporates by reference all statements and allegations contained in paragraphs above, as fully set forth herein.

**61.**    The Defendants owed duties to Plaintiff to exercise reasonable care in the hiring, training, supervision, and management of their employees, agents and representatives, and in the entrustment of their multi-ton vehicles traveling on the roads of Montana and the United States.

62.   The Defendants failed to properly hire, train or supervise their employees, representatives and agents, and properly entrust their dangerous instrumentalities, with regard to, but not limited to, the following:

a. Identifying equipment, including vehicles, which were in an unsafe condition;

b. Inspecting equipment, including vehicles, which were in an unsafe condition;

c. Inspecting equipment, including vehicles, to determine whether they had functioning turn signals;

d. Inspecting equipment, including vehicles, to determine whether they were in compliance with all local, state and federal laws, ordinances and regulations;

e. Terminating operation of a vehicle upon discovering it to lack of functioning flashing turn signals;

f. Use of electrical signals to indicate a stop or turn;

g. Use of hand signals to indicate a stop or turn; and

h. Keeping a proper lookout to executing changes in movement, speed, and direction of a vehicle.

63.     Defendants were negligent in their hiring, training, supervision, management and entrustment of their employees for reasons other than, and in addition to, the reasons identified above.

64.     By their acts and omissions herein, the defendants breached their duties to Plaintiff to thoroughly investigate the qualifications, driving record, and background of their employees, and to properly train, supervise, and manage their employees, agents, and representatives.

65.     As the direct and proximate result of the Defendants' acts and omissions which resulted in their breaches of duty, they caused personal injuries and special and general damages to Plaintiff, in an amount that exceeds the minimum jurisdictional amount of this Court to be specifically proved at trial.

66.     In addition to being liable for their own negligent acts and omissions, Defendants are vicariously liable for the negligent acts and omissions of their employees, representative, and agents, by virtue of the doctrine of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### PUNITIVE DAMAGES

67.     The Plaintiffs hereby incorporate by reference all statements and allegations contained in paragraphs above, as if fully set forth herein.

**68.**    The Defendants owed a duty of reasonable care to Plaintiff to avoid causing injury to Plaintiff.

**69.**    Defendants' acts and omissions, as described in this Complaint, were so gross and culpable in nature that such acts and omissions were reckless, willful and wanton, deliberately indifferent to, and in complete disregard for, the life and safety of Plaintiff.

**70.**    Punitive and exemplary damages are warranted in this action as a punishment of the Defendants for their reckless and wanton acts, and as a deterrent to the Defendants and others for committing the same or similar actions that endanger the general safety of the public.

**71.**    Defendants acted with malice. Defendants had knowledge of facts, or intentionally avoided learning knowledge of facts, or intentionally disregarded facts that created a high probability of injury to the plaintiff. Defendants deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the risk of harm to the Plaintiff.

**72.**    Defendants had actual or constructive knowledge of the dangerous conditions existing and the Defendants failed to utilize due care in light of that danger.

**73.**    As a direct and proximate cause and result of the acts and omissions of Defendants as alleged herein including, but not limited to,

Defendants' negligence, gross negligence, reckless, willful and wanton conduct, Plaintiff is entitled to recover actual, exemplary and punitive damages as more specifically set forth below.

## DAMAGES

74.    Plaintiffs hereby incorporate by reference all statements and allegations contained in the paragraphs above, as fully set forth herein.

75.    As a proximate result of negligence of the Defendants, Plaintiff Ridgeway has suffered severe personal injuries including a right medial frontal contusion.  This injury has caused, among other things, severe headaches, sleep disturbances, reduced memory, an altered sense of balance,that has caused him to walk into doorframes, speech impediments, and increased irritability.

76.    As a proximate result of the negligence of the Defendants, Plaintiff Ridgeway has suffered severe personal injuries resulting in significant damages including, but not limited to, the following:

   a. Past medical, therapy and related expenses in excess of $50,000;

   b. Future medical, therapy, and related expenses in an amount to be proven at trial;

   c.  Past and future physical pain and suffering in an amount to be proven at trial;

   d.  Past and future emotional pain and suffering in an amount to be proven at trial;

   e.  Past and future disability in an amount to be proven at trial;

   f.  Past and future loss of enjoyment of life in an amount to be proven at trial;

   g.  Past and future loss of earnings and earning capacity in an amount to be proven at trial;

   h.  Past and future special damages in an amount to be proven at trial; and,

   i.  Past and future general damages.

**WHEREFORE,** James Nicholas Ridgeway respectfully prays that the Court enter judgment against Defendants, and each of them, as follows:

   a.  Judgment against Defendants for general damages in an amount consistent with the allegations set forth herein and to be proven at trial;

   b.  Judgment against Defendants for special damages in an amount consistent with the allegations set forth herein and to be proven at trial;

c. Judgment against Defendants for punitive damages in an amount consistent with the allegations set forth herein and to be proven at trial;

d. That the Plaintiff be awarded all other and further relief as the Court deems just and equitable in the circumstances.

Dated this 3rd day of June, 2011.

/s/ Angie Cavallini, Esq.
Edward P. Moriarity, Esq.
Shandor S. Badaruddin, Esq.
Angie Cavallini, Esq.
**Attorneys for Plaintiff**

MORIARITY, BADARUDDIN & BOOKE, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:   406-728-6868
Facsimile:   406-728-7722
Email:       Shandor@mbblawfirm.com;
             Ed@mbblawfirm.com;
             Angie@mbblawfirm.com

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, and L.R. 38.1, the Plaintiffs demand

that a jury try all of the above issues and allegations.

Dated this 3rd day of June, 2011.


/s/Angie Cavallini, Esq.
Edward P. Moriarity, Esq.
Shandor S. Badaruddin, Esq.
Angie Cavallini, Esq.
**Attorneys for Plaintiff**

MORIARITY, BADARUDDIN & BOOKE, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:  406-728-7722
Email:        Shandor@mbblawfirm.com;
                   Ed@mbblawfirm.com;
                   Angie@mbblawfirm.com