Edward P. Moriarity, Esq.
Shandor S. Badaruddin, Esq.
Angie Cavallini, Esq.
MORIARITY, BADARUDDIN & BOOKE, LLC
124 West Pine Street
Missoula, Montana 59802-4222
Telephone:  406-728-6868
Facsimile:   406-728-7722
Email:        Shandor@mbblawfirm.com;
                 Ed@mbblawfirm.com;
                 Angie@mbblawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JAMES NICHOLAS RIDGEWAY,<br><br>Plaintiff,<br><br>v.<br><br>MON-DAK TRUCKING, INC., a Montana Corporation; MON-DAK OILFIELD SERVICES, INC., a Montana Corporation; CALVIN DEXTER THURLOW, as an employee of Mon-Dak Trucking, Inc. and/or Mon-Dak Oilfield Services and as an individual, and DOES 1 to 10<br><br>Defendants. | CAUSE NO:  1:11-cv-00060-RFC -CSO<br><br>**PLAINTIFF RIDGEWAY'S PRELIMINARY PRETRIAL STATEMENT** |

1

COMES NOW Plaintiff James Nicholas Ridgeway, by and through counsel, as required by Local Rule 16.2(b)(1) and the Order of Court, and makes this Preliminary Pretrial Statement as follows:

## 1. BRIEF FACTUAL OUTLINE OF CASE

**1.** The following identifications are helpful in understanding Plaintiff's factual outline of the case:

- a. James Nicholas Ridgeway (hereinafter referred to as "Ridgeway"): Adult Plaintiff who was driving through Montana on business when he was side-swiped by Defendant's semi-truck. Ridgeway was, at all times material hereto, a resident of Casper, Natrona County, Wyoming.

- b. Mon-Dak Trucking, Inc. (hereinafter referred to as "Mon-Dak Trucking") Defendant Mon-Dak Trucking was closed corporation registered with the State of Montana at all times material hereto. It was involuntarily dissolved with an inactive date of 12/01/2010.

- c. Mon-Dak Oil Services, Inc. (hereinafter referred to as "Mon-Dak Oil"): Defendant Mon-Dak Oil was a closed corporation within the State of Montana at all times material

    hereto. It was involuntarily dissolved with an inactive date of 12/01/2008.

   d. Defendant Calvin Dexter Thurlow (hereinafter referred to as "Thurlow"): Adult Defendant who was driving the Mon-Dak truck, was an employee of Mon-Dak Oil Services and caused the collision at issue.

**2.** On June 26, 2008, Ridgeway was driving a company owned and operated Dodge truck on Highway 200 West near the intersection with County Road 344 in Richland County, Montana.

**3.** At the same time, Thurlow was driving immediately in front of Ridgeway on Highway 200 West and County Road 344 in Richland County, Montana when he caused a collision with Ridgeway, which caused significant injuries to Plaintiff Ridgeway.

**4.** Thurlow improperly swung into the lane of oncoming traffic, without any warning or signal, in preparation to make a right-hand turn from Highway 200 West to County Road 344.

**5.** When entering the opposing lane of traffic, Thurlow did not give any warning or signal as he had defective turn indicators.

**6.**     Again without warning, Thurlow made a sweeping right-hand turn, intending to turn onto County Road 344, when he crashed into Ridgeway's vehicle.

**7.**     Thurlow reported to the investigating officer that his warning devices were not working properly prior to driving his truck that day, yet he drove the truck regardless.

**8.**     A reasonably thorough and complete inspection of the vehicle would have discovered the lack of functioning electrical flashing turn signals or that it was not equipped with electrical flashing turn signals.

**9.**     On June 26, 2008, Defendant Thurlow was an employee of Mon-Dak Oil or Mon-Dak Trucking.

**10.**    On June 26, 2008, Defendants Mon-Dak authorized Defendant Thurlow to drive the Defendant's truck at the time and in the manner he drove it, and in the condition the truck was in at the same time and place.

**11.**    As a direct and proximate result of the Defendants' acts and omissions leading to and causing the crash, Plaintiff suffered substantial personal injuries.

**12.**    Following the collision, Ridgeway sought medical treatment with complaints of headache, hand numbness, low back pain, neck pain, arm pain and equilibrium.

**13.** Ridgeway has continued to seek treatment for his injuries, which includes a brain injury.

**(B) ISSUES CONCERNING JURISDICTION AND VENUE**

Jurisdiction and Venue are proper. Ridgeway is a citizen of the State of Wyoming. Defendants are all citizens of the State of Montana. Mon-Dak Trucking and Mon-Dak Oil were incorporated within the State and Montana with their principle places of business located in Montana, and it has no offices or staff or assets in Wyoming. Thurlow is a citizen of the state of Montana. Consequently, the Court has jurisdiction in this action pursuant to 28 USC § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Pursuant to L.R. 1.9(c) and 1.11(2), proper venue for this cause of action is the United States District Court for the District of Montana in the Billings Division because it contains the county in which venue would be proper under the laws of the state of Montana. Each party has impliedly consented to venue pursuant to L.R. 1.11(3)(a) by virtue of the failure to object to the same within the time allowed. The acts and omissions alleged in the Complaint occurred in Richland County, in the State of Montana, which is within the Billings Division of the District of Montana.

. . . . .

**(C) FACTUAL BASIS OF EACH CLAIM OR DEFENSE ADVANCED BY THE PLAINTIFF**

**1. Negligence**

Defendants owed a duty to Ridgeway to operate their vehicle in a safe and reasonable manner so as to avoid collisions with and avoid injury to others, including Ridgeway. Defendants also owned a duty to Plaintiff to maintain their vehicle in a safe and reasonable manner to as to avoid collisions with and injuries to others, including Ridgeway. Defendants did not exercise due care, and by their acts and omissions, they breached their duties owed to Plaintiff Ridgeway. Mon-Dak is vicariously liable for the acts and omissions of their employees, representatives and agents. As the direct and proximate result of the Defendants' acts and omissions and their breaches of duty, Defendants caused personal injuries and special and general damages to Plaintiff Ridgeway.

Defendant Mon-Dak is also liable for its own independent negligent acts and omissions, which are described and alleged more particularly in the third cause of action.

**2. Negligence Per Se**

Defendants violated laws that delineate requirements for safe operation of vehicles, including, but not limited to, 49 C.F.R. 393.9 and 393.11, Mont. Code Ann. § 61-8-337(2), Mont. Code Ann. § 61-8-336,

Mont. Code Ann. § 61-8-333, and Mont. Code Ann. § 61-9-218, which require, among other thing, proper turning signal devices to be in proper working order, properly located and properly used when making a turning movement, to keep a proper look out and to keep their vehicles under control.

At the time of the crash, Defendants violated the statutes set forth above, as well as others, which delineate requirements for turning devices to be in proper working order, properly located and properly used when making a turning movement. Defendant's acts and/or omissions leading to the collision were in violation of these laws and regulations. At the time of the collision, Plaintiff Ridgeway was among the class of persons for whom the laws and regulations were designed to protect. The failure to abide by the laws and regulations described above constituted a breach of the Defendants' duty of reasonable care for the protection of Plaintiff Ridgeway. At the time of the crash at issue, the Defendants violated the existing laws, ordinances and regulations, and as a result of the violations, are *negligent per se.* As a direct and proximate cause of the Defendants' *negligence per se,* Plaintiff Ridgeway was injured.

Defendants Mon-Dak Trucking and Oil are vicariously liable for the acts and omissions of its employees, representatives, and agents. Defendants

are also liable for its own negligent acts and omissions, which are described and alleged more particularly in the third cause of action.

### 3.  Negligent Hiring, Retention, and Supervision.

Defendant owed Plaintiff duties to exercise reasonable care in the hiring, training, supervision and management of its employees, agents and representatives, and in the entrustment of their multi-ton vehicles traveling on the roads of Montana and the United States.  Defendants failed to properly hire, train or supervise their employees, representatives and agents, and properly entrust their dangerous instrumentalities, with regard to, but not limited to, the following: (a) identifying equipment, including vehicles, which were in unsafe condition; (b) inspecting equipment, including vehicles, which were in an unsafe condition; (c) inspecting equipment, including vehicles, to determine whether they had functioning turn signals; (d) inspecting equipment, including vehicles, to determine whether they were in compliance with all local, state and federal laws, ordinances and regulations; (e) terminating operation of a vehicle upon discovering it to have a lack of functioning flashing turn signals; (f) use of electrical signals to indicate a stop or turn; (g) use of hand signals to indicate a stop or turn; and (h) keeping a proper lookout to executing changes in movement, speed and direction of a vehicle. Defendants were negligent in hiring, training,

supervision, management and entrustment of their employees for reasons other than, and in addition to, the reasons identified above.

By their acts and omissions herein, the Defendants breached their duties to Plaintiff to thoroughly investigate the qualifications, driving record, and background of their employees, and to properly train, supervise, and manage their employees, agents and representatives.

As the direct and proximate result of the Defendants' acts and omissions, which resulted in their breaches of duty, they caused personal injuries and special and general damages to Plaintiff.

### 4. Punitive Damages

Defendant's acts and omissions were so gross and culpable in nature that such acts and omissions were reckless, willful and wanton, deliberately indifferent to, and in complete disregard for the life and safety of Plaintiff. Defendant had knowledge of facts, or intentionally avoided learning knowledge of facts, or intentionally disregarded facts that created a high probability of injury to the Plaintiff. Defendant deliberately proceeded to act in conscious or intentional disregard of, or indifference to, the risk of harm to Plaintiff Ridgeway. Defendant did not properly train and supervise their staff how to discontinue operation of the semi when signal devices were nonfunctional.

### (D)   THE LEGAL THEORY UNDERLYING EACH CLAIM OR DEFENSE, INCLUDING, WHERE NECESSARY TO A REASONABLE UNDERSTANDING OF THE CLAIM OR DEFENSE, CITATIONS TO AUTHORITY

Plaintiff has asserted claims of negligence, negligence per se, negligent hiring, retention, supervision, management and entrustment, as well as punitive damages, as outlined above in paragraph (C) above.

As for negligence per se, Defendants specifically violated, among others: 49 C.F.R. 393.9 and 393.11 which require a truck to be equipped with, among other things, functioning turn signals; Mont. Code. Ann. § 61-8-337(2) which requires motor vehicles on highways to be equipped with signal lamps; Mont. Code Ann. § 61-8-336 which requires that an appropriate signal be used before a person turns a vehicle; Mont. Code Ann. § 61-8-333, which requires that the approach of a right-hand turn and a right-hand turn be made as close as practicable to the right-hand curb or edge of roadway; Mont. Code. Ann. § 61-9-218 which explains when signal lamps and signal devices are required; and Mont. Code Ann. § 61-8-302 which requires that a person driving on a public highway to drive in a careful and prudent manner that does not unduly or unreasonably endanger life, limb, property or other rights of a person entitled to the use of the highway. Because these laws were violated, the Defendants were negligent *per se*.

**(E)   A COMPUTATION OF DAMAGES**

*General and Special Damages:*

|   | **Damage** | **Amount** |
|---|---|---|
| 1. | Lost earnings from the time of injury to time of trial | $120,000.00 |
| 2. | Lost future earnings and future earning capacity | Am amount to be determined at trial |
| 3. | Medical, therapy and related expenses | Present records show this amount currently exceeds: $64,741.08 Plaintiff is continuing to seek additional treatment and this number will be updated. |
| 4. | Past and future physical pain and suffering | In an amount to be determined at trial |
| 5. | Past and future emotional distress of Plaintiff | In an amount to be determined at trial |
| 6. | Past and future disability | In an amount to be determined at trial |
| 7. | Future care, treatment and services | In an amount to be determined at trial |
| 8. | Past and future loss of enjoyment of life | In an amount to be determined at trial |
| 9. | Other special damages | Presently Plaintiff has spent $1449.55 in out of pocket expenses related to seeking medical treatment. Plaintiff is continuing to incur out-of-pocket expenses and this figure will continue to be supplemented. |
| 10. | Punitive Damages | This figure would be in proportion to the worth of the Defendant and the |

|  |  | egregiousness of the act and omissions and the amount of compensatory damages. Plaintiff does not yet have information on the net worth of the Defendant. |
|---|---|---|

All of the above amounts are subject to proof at trial and may be amended depending on the evidence identified in discovery.

**(F) THE PENDENCY OR DISPOSITION OF ANY RELATED STATE OR FEDERAL LITIGATION.**

There is no related state or federal litigation.

**(G) PROPOSED STIPULATIONS OF FACT AND LAW**

**<u>Plaintiff's Proposed Stipulation of Fact</u>**.  Based on information before discovery begins, Plaintiff proposes the following stipulations of fact:

**1.** On June 26, 2008, Defendant Thurlow was driving on Highway 200 West at the intersection of County Road 344 in Richland County, Montana.

**2.** On June 26, 2008, Defendant Thurlow was an employee of Mon-Dak Trucking.

**3.** On June 26, 2008, Defendants Mon-Dak authorized Defendant Thurlow to drive the Defendant's truck at the time and in the manner her drove it at the time of the collision.

**4.** On June 26, 2008, Defendant Thurlow was operating a vehicle within the course and scope of his employment.

**5.** On June 26, 2008, Plaintiff Ridgeway was driving on Highway 200 West near County Road 344 in Richland County, Montana.

**6.** Plaintiff Ridgeway, as a driver of another vehicle, was of the class protected by the various rules of the road.

**7.** The left front tire of the semi crossed into the on-coming lane of traffic prior to making a right-hand turn.

**8.** Defendant Thurlow did not use a properly operating turn signal to indicate his movement into the left-hand lane.

**9.** Defendant Thurlow attempted to turn right onto County Road 344 from Highway 200 West.

**10.** Defendant Thurlow did not use a properly operating turn signal to indicate his right-hand turn.

**11.** Defendants' turn signal devices were not properly operating at the time of the collision.

**12.** Defendant Thurlow knew that his turn signal devices were not functioning properly before he began operating the Mon-Dak Trucking vehicle on June 26, 2008.

**13.**     Defendants Mon-Dak Oil and Mon-Dak Trucking knew or should have known that the electrical turn signal devices of the vehicle were not functioning properly.

**14.**     Defendant's improper turn was the cause of the collision.

**15.**     Plaintiff Ridgeway was injured on June 26, 2008, as a result of the collision with Defendants' vehicle.

**16.**     Plaintiff Ridgeway incurred medical expenses as a result of the injuries he received on June 26, 2008.

**17.**     Plaintiff Ridegway experiences pain and suffering as a result of the injuries he received on June 26, 2008.

**Plaintiff's understanding of what law applies:** Based on information before discovery begins, Plaintiff understands that the following law applies:

**1.**     **Negligence:** The elements of actionable negligence are the existence of a duty, a breach thereof, and a resulting injury. *Jackson v. William Dingwall Co.,* 145 Mont. 127, 399 P.2d 236 (1965).

**2.**     **Negligence per se:** To bring a claim for negligence per se, plaintiff must establish: (1) that the defendant violated a particular statute, (2) that the statute was enacted to protect a specific class of persons, (3) that the plaintiff is a member of the class, (4) that the plaintiff's injury is the kind of injury that the statute was enacted to prevent, and (5) that the statute was

intended to regulate members of the defendant's class; if the plaintiff proves these elements, a defendant is negligent as a matter of law. *Doyle v. Clark,* 360 Mont. 450, 254 P. 3d 570 (2011).

Specifically, Defendants violated, among others: 49 C.F.R. 393.9 and 393.11 which require a truck to be equipped with, among other things, functioning turn signals; Mont. Code. Ann. § 61-8-337(2) which requires motor vehicles on highways to be equipped with signal lamps; Mont. Code Ann. § 61-8-336 which requires that an appropriate signal be used before a person turns a vehicle; Mont. Code Ann. § 61-8-333, which requires that the approach of a right-hand turn and a right-hand turn be made as close as practicable to the right-hand curb or edge of roadway; Mont. Code. Ann. § 61-9-218 which explains when signal lamps and signal devices are required; and Mont. Code Ann. § 61-8-302 which requires that a person driving on a public highway to drive in a careful and prudent manner that does not unduly or unreasonably endanger life, limb, property or other rights of a person entitled to the use of the highway.

**3.     Respondeat Superior:** Respondeat superior imposes liability on an employer for the wrongful acts of an employee, which are committed within the scope of his employment. *Maguire v. State,* 254 Mont. 178, 182, 835 P. 2d 755, 758 (1992).

**4.  Negligent hiring, retention, supervision, management and entrustment:** "The basis of responsibility under the doctrine of negligent hiring is the master's own negligence in hiring or retaining in his employ an incompetent servant whom the master knows or by the exercise of reasonable care should have known was incompetent or unfit and thereby creating an unreasonable risk of harm to others." *Bruner v. Yellowstone County*, 272 Mont. 261, 900 P.2d 901 (1995).

**5.  Punitive Damages**: Mont. Code Ann. § 27-1-227 allows for punitive damage when the defendant has been found guilty of actual fraud or actual malice. "A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that created a high probability of injury to the plaintiff and: (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff." Mont. Code Ann. § 27-1-220.

### (H) PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS

The parties jointly propose that the Court allow them until December 19, 2011 to join other parties and/or to amend the pleadings.

. . . . .

**(I)   IDENTIFICATION OF CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

Plaintiffs are unable to identify any issues of law that require a pretrial disposition.

**(J)   THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE OF THE CASE**

The parties discussed Early Neutral and do not consider it appropriate at this time, but would not oppose early neutral or mediation when it becomes appropriate

**(K)   SUITABILITY OF SPECIAL PROCEDURES.**

Plaintiffs suggest no special procedures.

Respectfully submitted this 24th day of August, 2011.

<u>/s/ Angie Cavallini, Esq.</u>
Edward P. Moriarity, Esq.
Shandor S. Badaruddin, Esq.
Angie Cavallini, Esq.
**Attorneys for Plaintiff**

MORIARITY, BADARUDDIN & BOOKE, LLC
124 West Pine Street, Suite B
Missoula, Montana 59802-4222
Telephone:   406-728-6868
Facsimile:   406-728-7722
Email:        Shandor@mbblawfirm.com;
              Ed@mbblawfirm.com;
              Angie@mbblawfirm.com