IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JAMES NICHOLAS RIDGEWAY, | CV 11-60-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON FUTURE MEDICALS CLAIM** |
| MON-DAK TRUCKING, INC., a Montana Corporation; MON-DAK OILFIELD SERVICES, INC., a Montana Corporation; CALVIN DEXTER THURLOW, as an employee of Mon-Dak Trucking, Inc. and/or Mon-Dak Oilfield Services and as an individual, and DOES 1 to 10, | |
| Defendants. | |

Pending is Defendants Mon-Dak Trucking, Inc.'s, Mon-Dak

Oilfield Services, Inc.'s, and Calvin Dexter Thurlow's (collectively "Mon-

Dak") motion for partial summary judgment on Plaintiff James

Nicholas Ridgeway's ("Ridgeway") claim for future medical damages.

*DKT 21*.

**I. Background**

This negligence action arises from an automobile accident. *See Pltf's Complaint (DKT 1).* As part of his damages claim, Ridgeway claims "[f]uture medical, therapy, and related expenses." *Id.* at ¶ 76(b). In his expert disclosure, Ridgeway named nineteen expert witnesses – one "Treating Doctor and Expert Witness," Dr. Christopher M. Filley ("Dr. Filley"), and eighteen other "Non-Retained Experts," three of whom were also treating physicians. *See Pltf's Second Supp. Expert Witness Disclosure (DKT 23-3).*

Pertinent to the issue of future medical damages, Ridgeway indicates that one of his treating doctors, Dr. Filley, will testify as follows:

> Dr. Filley will testify regarding the long-term care that Mr. Ridgeway will require due to this traumatic brain injury. This care may include counseling and/or psychiatric care for adjustment issues relating to the changes in his personality as well as AED medications that will most likely be required for the duration of his life.

*Id.* at 3. Because none of the treating doctors was retained or specially employed to provide expert testimony, a complete written disclosure of their expert testimony was not required and was not provided. *See*

*Fed. R. Civ. P. 26(a)(2)(B).*

On July 13, 2012, Mon-Dak filed the pending motion seeking summary judgment on Ridgeway's claim for future medical damages. *DKT 21.*

## II. Parties' Arguments

Mon-Dak argues that none of Ridgeway's experts is capable of providing the necessary testimony to support his claim for future medical damages, and that therefore his claim fails as a matter of law. Mon-Dak asserts that Ridgeway's treating physicians, having not filed expert reports under Fed. R. Civ. P. 26(a)(2)(B), can only testify regarding care, treatment, and prognosis. *Defts' Br. in Support of Mot. for Partial Summary Judgment (DKT 22)* at 4. Mon-Dak argues that the only disclosed expert prepared to offer opinions regarding future medical damages is Dr. Filley. *Id.*; *see also Pltf's Second Supp. Expert Witness Disclosure (DKT 23-3)* at 3. Mon-Dak argues that testimony regarding the cost of future medical care falls outside the purview of "prognosis," and concludes that there can be no issue of fact on the future medical damages claim. *Defts' Reply Br. in Support of Mot. for*

*Partial Summary Judgment (DKT 30)* at 6.

In response, Ridgeway first argues that this motion is "an improper attempt to obtain piecemeal adjudication of individual issues within a claim that is not permitted by Rule 56." *Pltf's Br. in Response to Mot. for Partial Summary Judgment (DKT 27)* at 2. Ridgeway then argues that Dr. Filley's opinions do not go beyond care, treatment, and prognosis, so he may offer his expert testimony without the disclosure of an expert report. *Id.* at 8. Finally, Ridgeway argues that because Dr. Filley may testify as to matters that may be relevant to Ridgeway's claim for future medical damages, a factual dispute exists and Mon-Dak is not entitled to summary judgment. *Id.* at 13-15.

For the following reasons, the Court recommends Mon-Dak's motion be denied.

## III. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial

responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id*.

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "A moving party without the ultimate burden of persuasion at trial – usually, but not always, a defendant – has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586, n.11.

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita*, 475 U.S. at 587 (quotation omitted).

In resolving a summary judgment motion, the Court examines the

pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The

evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at

255, and all reasonable inferences that may be drawn from the facts

placed before the Court must be drawn in favor of the opposing party,

*Matsushita*, 475 U.S. at 587 (citation omitted).

## IV. Discussion

Ridgeway has advanced both a procedural argument and a

substantive argument against Mon-Dak's motion. Each will be

considered in turn.

### A. Procedural Review.

Ridgeway first contends that partial summary judgment under

Rule 56 is procedurally inappropriate for the consideration of less than

an entire claim. The Court rejects this argument. Rule 56 was

amended in 2010 and currently provides:

> A party may move for summary judgment, identifying each claim
> or defense--*or the part of each claim* or defense--on which
> summary judgment is sought. The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as
> to any material fact and the movant is entitled to judgment as a
> matter of law. The court should state on the record the reasons for

granting or denying the motion.

Fed. R. Civ. P. 56(a) (emphasis added). The first sentence was added "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amendments, Sub. (a).

Construing this recent amendment, other district courts have rejected arguments similar to the one Ridgeway makes here. *See In re SemCrude, L.P.*, 2012 WL 694505, *3 (Bankr. D. Del. 2012); *Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.*, 791 F. Supp. 2d 626, 631-632 (E.D. Wis. 2011). In these cases, the non-movant made the same procedural argument against a motion for partial summary judgment directed at only part of a claim. Based on the 2010 amendment to the rule, "district courts have begun to recognize motions for summary judgment that are directed towards matters of law that are less than all of a particular claim." *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1187 (E.D. Tex. 2011).

While Ridgeway cites authority supporting his argument, none of

the cited cases addresses the 2010 amendment to Rule 56, and

therefore does not focus on the current rule.[1]  *See Isovolta Inc. v.*

*ProTrans Int'l, Inc.,* 780 F.Supp.2d 776, 778–79 (S.D. Ind. 2011)

(finding pre-amendment cases no longer good law in light of 2010

amendments, and permitting motion for partial summary judgment

despite not being dispositive of an entire claim); *Tampa Bay Water v.*

*HDR Eng'g, Inc.*, 2011 WL 3101803, n. 6 (M.D. Fla. 2011) ("the Court

questions the continued viability of pre–2010 case law discussing the

propriety of partial summary judgment"); *SemCrude*, 2012 WL 694505

at *3 ("Since the [2010] amendments [ ] the argument that summary

judgment is not proper for a portion of a single claim has lost its

pluck").

        In light of the 2010 amendment to Rule 56, the Court finds that

summary judgment is not procedurally improper as to Ridgeway's

future medical damages claim.  The Court now turns to the merits of

---

[1]Ridgeway cites only one post-2010 case supporting his argument – Home Design Services, Inc. v. Schroeder Const., 2012 WL 527202 (D. Colo. 2012).  Pltf's Response (DKT 27) at 4.  Because this opinion does not address the 2010 amendment to Rule 56, the Court finds it unpersuasive.

the motion.

**B. Substantive Review.**

The parties' briefing focuses on Dr. Filley's anticipated testimony regarding Ridgeway's long-term care. *See DKT 23-3* at 3. According to Ridgeway's disclosure of Dr. Filley's testimony under Fed R. Civ. P. 26(a)(2)(C), Dr. Filley will testify that Ridgeway may require "counseling and/or psychiatric care for adjustment issues relating to the changes in his personality as well as AED medications that will most likely be required for the duration of his life." Id.

This Court has held that "[a] treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient" and that, if properly based on personal knowledge, history, treatment of the patient, and facts of his examination and diagnosis, a treating doctor may give an opinion as to the "degree of the injury in the future." St. Vincent v. Werner Enterprises, Inc., 267 F.R.D. 344, 345 (D. Mont. 2010).

The parties thus agree that Dr. Filley may testify as to care, treatment, and prognosis, but they appear to disagree about the bounds of that testimony. Mon-Dak argues that "treating physicians cannot

make the leap from the prognosis opinion to what the prognosis means in terms of dollars and cents." *Defts' Reply (DKT 30)* at 6.  On the other hand, Ridgeway argues that matters such as future medical treatment are part of the ordinary care of a patient (*Pltf's Response (DKT 27)* at 14*)* but does not make clear the anticipated extent of Dr. Filley's testimony – or whether Ridgeway intends to ask Dr. Filley opinions regarding the costs of future medical care.  Mon-Dak concedes that it has "not and, frankly, cannot specify the extent to which it is attempting to limit testimony to the future medical expenses." *Defts' Reply (DKT 30)* at 11.

Because both the contours of the requested relief and the content of the offered testimony by the treating doctors is unclear, summary judgment is not appropriate.  As noted above, all inferences must be made in favor of Ridgeway, the non-moving party.  The Court cannot conclude that there are no genuine disputes as to future medical claims.  For example, it may be inferred that, if the physicians opine that Ridgeway will need AED medications in the future (*DKT 23-3 at 3*), Ridgeway himself, having purchased them, knows their costs at

least as of the current time period.  *See Campbell v. PricewaterhouseCoopers, LLP,* 642 F.3d 820, 832-33 (9th Cir. 2011) (reversing partial summary judgment after finding material fact questions).

Mon-Dak has indicated an intent to file a motion in limine directed to these issues.  Relief may be appropriate in response to such a motion.  Also, Mon-Dak also may renew any objections to medical testimony at the trial.  But partial summary judgment on Ridgeway's future damages claim, without clarity as to what evidence will be offered by the treating doctors, or what specific damages may be sought, should be denied.

## V. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Mon-Dak's motion for summary judgment on future medical damages claims (*DKT 21*) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that

pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 5th day of October, 2012.

/S/ **Carolyn S. Ostby**
United States Magistrate Judge