

SCANNED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JAMES NICHOLAS RIDGEWAY,<br><br>Plaintiff,<br><br>vs.<br><br>MON-DAK TRUCKING, INC., a Montana Corporation; MON-DAK OILFIELD SERVICES, INC., a Montana Corporation; CALVIN DEXTER THURLOW, as an employee of Mon-Dak Trucking, Inc., and/or Mon-Dak Oilfield Services and as an individual and DOES 1-10,<br><br>Defendants. | Case No. CV-11-60-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On October 5, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court deny Defendants' Motion for Partial Summary Judgment on Plaintiff's claim for future medical damages.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no

party filed objections to the October 5, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

The parties' briefing focuses on Dr. Filley's anticipated testimony regarding Ridgeway's long-term care. See DKT 23-3 at 3. According to Ridgeway's disclosure of Dr. Filley's testimony under Fed R. Civ. P. 26(a)(2)(C), Dr. Filley will testify that Ridgeway may require "counseling and/or psychiatric care for adjustment issues relating to the changes in his personality as well as AED medications that will most likely be required for the duration of his life." Id.

This Court has held that "[a] treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient" and that, if properly based on personal knowledge, history, treatment of the patient, and facts of his examination and diagnosis, a treating doctor may give an opinion as to the "degree of the injury in the future." *St. Vincent v. Werner Enterprises, Inc.*, 267 F.R.D. 344, 345 (D. Mont. 2010).

The parties thus agree that Dr. Filley may testify as to care, treatment, and prognosis, but they appear to disagree about the bounds of that testimony.

2

Because both the contours of the requested relief and the content of the offered testimony by the treating doctors is unclear, summary judgment is not appropriate. The Court cannot conclude that there are no genuine disputes as to future medical claims.

Mon-Dak has indicated an intent to file a motion in limine directed to these issues. Relief may be appropriate in response to such a motion. Also, Mon-Dak may renew any objections to medical testimony at the trial. But partial summary judgment on Ridgeway's future damages claim, without clarity as to what evidence will be offered by the treating doctors, or what specific damages may be sought, must be denied.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Mon-Dak's motion for summary judgment on future medical damages claims (DKT 21) is **DENIED.**

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 31 day of October, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE